[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 12, 1996 Naomi, born July 11, 1979 filed a petition for emancipation under Gen. Stat. Sec. 46b-15-b(3). Her father filed a counter petition on May 8, 1996 seeking emancipation on the same ground. Even if this procedural concurrence can be assumed to be an agreement, the family court is not bound. Both petitions were set for hearing. After hearing, both petitions are denied.
 I.
Naomi's statement of facts complains her parents play head games with her; she wants to gain control of her life. She filed supplementary material at trial. Exhibit C-2. Although Naomi left home in July 1995, she has lived with a neighbor family since late January 1996. She pays rent of $25.00 per week, plus food. She has a part-time job earning $50.00 per week during school year with an expectation of more income during school vacation.
Because of house rules and restrictions, this teenage felt unfairly restrained. While loving her family, she believes she can not live with them.
Naomi's therapist reports the teenager continued treatment after the parents refused payment. The patient has demonstrated perseverance, maturity and strength of character. Naomi's school has been cooperative with this B+ honors student who shows determination and motivation to succeed in class and extracurricular activities.
The father's petition, joined by the mother, complains that Naomi is verbally and physically abusive to her other and siblings, and acts independently of her family. The parents describe this teenager as disrespectful, willful and beyond control. They also filed supplemental material. Exhibit P-1. The family has been in counselling, but it is not clear that family therapy was utilized. The parents' therapist reports the parents are seeking emancipation to reduce stress in the household; the therapist is supportive.
The parties have conflicting versions of medical coverage. The parents have been resistant to authorizing Naomi to participate CT Page 4112-M in a non tuition college program for interested high schoolers, as well as other school programs. Naomi resents the parental pressure brought to demonstrate to her the consequences of independence.
The parents concede they are concerned about parental liability when their daughter acts independently of them. They request relief from any responsibility. Cf. Sec. 52-572, 52-572h. They also project at times a tough love approach: if she wants independence, let her be fully independent and take the consequences. However, they also indicated that they would remain as last resort if Naomi was in significant difficulty. But the situation should not be all or nothing for either side.
IIa
While Naomi willingly lives separate and apart from her parents, her present financial situation does not rise to be an acceptable emancipation management of her own financial affairs, however resourceful she may be at this time.
IIb
Only the family members can improve inter-family relationship. Reducing stress should be a priority. The court suggest a family therapist, the individual therapist or the guidance counsellor be used to clarify basic rules to cover such items as school permission slips, medical coverage and visitation/contact.
In the interval, the appropriate person might sign for the Partnership Program to beat the deadline, even thought Naomi might have mishandled the preliminary approaches.
 III
Both petitions denied.
SAMUEL GOLDSTEIN, STATE TRIAL REFEREE CT Page 4112-N